UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE LANGILL,

    Petitioner,

v.                                                        Case No. 2:05-CV-509-FTM-JES-DNF

JAMES V. CROSBY, SECRETARY,
DEPARTMENT OF CORRECTIONS,
CHARLIE CRIST,

    Respondents.
_____/

**O R D E R**

This cause is before the Court on Petitioner Lawrence Langill's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. ##1, 2) filed by counsel. Petitioner asks to proceed *in forma pauperis* (Doc. #4), and also asks that United States Magistrate Judge Sheri Polster Chappell be disqualified from presiding in this action, as she was the Assistant State Attorney who prosecuted the underlying state criminal case against Petitioner (Doc. #6). Petitioner also seeks a change of venue from the Middle District of Florida, Fort Myers Division, to another division in the District, based on Judge Chappell's presence in the Fort Myers United States District Courthouse and her influence on and contact with the other judges in this Division.

**I.**

It should first be noted that this case is not, nor has it ever been, assigned to Magistrate Judge Sheri Polster Chappell,

thus mooting the motion seeking to remove Judge Chappell from this case. As Judge Chappell has had no contact with this case, nor will there be any necessity for her to have any contact with this case, the ability of United States District Judge John E. Steele and United States Magistrate Judge Douglas N. Frazier, the judges assigned to this case, to impartially hear and impartially decide this petition cannot be fairly questioned. There is no arguable reason to transfer this case to another division in this District. Further, the Fort Myers District Judges routinely review Judge Chappell's decisions as a Magistrate Judge and there is no reason to believe they could not fairly review her conduct as on Assistant State Attorney.

**II.**

Rule 2(a) of the Rules Governing Section 2254 Cases in the United District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717 (June 2, 2004). This is "'the person' with the ability to produce the prisoner's body before the habeas court." Id.   When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not

the attorney general or some other remote supervisory official." Id. at 2718 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized also the proper named respondent. Rule 2(a), Sanders v. Bennett, 148 F.2d 19 (D.C. Cir. 1945). In Florida, that person is James V. Crosby, Secretary of the Department of Corrections. An applicant seeking habeas relief should only name the State Attorney General as a respondent when the applicant is not presently physically restrained (*i.e.,* in jail or prison) for the underlying state conviction he is challenging, but may be subject to incarceration in the future for said conviction. Rule 2(b); Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). Therefore, Charlie Crist will be dismissed.

### III.

Finally, a preliminary review of the pertinent dates of post-conviction motions provided by Petitioner and as found in the criminal docket sheet from the Twentieth Judicial Circuit Court for Lee County suggests that the Petition may be time-barred and subject to dismissal. (See Attached docket sheet for case number 94-CF-000994, State of Florida v. Langill, Lawrence John).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This law amended 28 U.S.C. § 2244 by adding the following subsection:

3

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2004).

The one-year statute of limitations applies to Petitioner. Petitioner does not provide sufficient information for the Court to determine whether the Petition was timely filed. However, based upon the information provided[1], it appears that Petitioner allowed

---

[1] Petitioner was convicted in February 1996, sentenced in May 1996, and the mandate affirming his conviction was issued on October 5, 1998. According to the Lee County criminal docket sheet, Petitioner filed his Rule 3.850 motion on June 9, 2000, more than one year after Petitioner's conviction

more than one year to elapse without any properly filed motions pending that would toll the clock for AEDPA's statute of limitations purposes.  Specifically, it appears there was no properly filed, tolling motion pending between the date Petitioner's conviction became final and the filing of his Rule 3.850 motion in 2000.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Petitioner shall **SHOW CAUSE** within **THIRTY (30)** days of the date of this Order why this Petition should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d) (2004).

2. Petitioner's Motion for Disqualification of Magistrate and for Reassignment of Case to Another Regional Division of the Court (Doc. #6) is **DENIED.**

3. Petitioner's Motion to Proceed *in Forma Pauperis* (Doc. #3) is **GRANTED.**

4. Defendant Attorney General Charlie Crist is dismissed. The Clerk shall terminate the Attorney General as a party-defendant.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___3rd___ day of November 2005.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

---

became final.  Petitioner does not provide any documentation demonstrating the filing date of the Rule 3.850 motion or any other pertinent, tolling motions.

Copies to:
All parties of record
SA/as