UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE LANGILL,

                Petitioner,

vs.                                      Case No.   2:05-cv-509-FtM-29DNF

WALTER A. MCNEIL,

                Respondent.[1]
_____

**ORDER OF DISMISSAL**

     Petitioner, Lawrence Langill, represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. #1 and #2, collectively Petition) on October 21, 2005.  The Petition challenges Petitioner's 1996 state court judgment of convictions for first degree murder and aggravated stalking (case no. 94-994-CF) that were entered in the Twentieth Judicial Circuit Court, Lee County, Florida, for which Petitioner was sentenced to life imprisonment. Petition (Doc. #1) at 1.  The Petition asserts 30 separate grounds for relief.  See generally Petition (Doc. #2).

     In compliance with the Court's Order (Doc. #26), Respondent filed a Limited Response to the Petition for Writ of Habeas Corpus on August 9, 2006 (Doc. #27, Response).  Respondent submits that the Petition is time barred.  Response at 1. Respondent submitted

_____

[1] Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

exhibits in support of his contention (Exhs. ##1-23).[2] Petitioner filed a Reply to the Response on August 21, 2006 (Doc. #30, Reply). This case is now ripe for review.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered

---

[2]The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh."

> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner filed a direct appeal (Exh. #1), and following briefing (Exhs. #2-3) and oral argument, the appellate court *per curiam* affirmed without a written opinion on June 12, 1998. Langill v. State, 720 So. 2d 525 (Fla. 2d DCA 1998); Exh. #5. Rehearing was denied on September 10, 1998. Exh. #7. Thus, Petitioner's state conviction became final on December 10, 1998. See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[3] Because this was after the April 24, 1996, effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on December 10, 1999. Consequently, the Petition filed in this Court on October 21, 2005 would be untimely unless the time

---

[3] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

was tolled.  For the reasons set forth below, the Court finds the time was not tolled.

Petitioner, through counsel, filed his first Rule 3.850 motion on June 9, 2000, approximately six months <u>after</u> the federal one-year limitations period had expired. Exh. #8.  Petitioner also filed a second Rule 3.850 motion on October 21, 2005, alleging newly discovered evidence.  Exh. #17.  Both motions were denied. Neither motion tolled the federal one year statute of limitations. "Once the AEDPA's limitations period expires, it cannot be reinitiated." <u>Davis v. McDonough</u>, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333-34 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1144 (2002)).  Thus, Petitioner's Rule 3.850 motions "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner suggests that while the federal limitations period should "be considered by this Court," the Court should exercise its discretion because the State "has not in any manner claimed it would be prejudiced by consideration of the Petition." Reply at 2, ¶3.  The Court rejects this argument because prejudice is not required before a state may succeed on the statute of limitations defense.

Petitioner also asserts that "he should not be penalized" by the federal one-year limitations period, because his Rule 3.850 was

timely filed within Florida's two-year statutory period. Id. at 4, ¶8. The Eleventh Circuit has rejected such an argument based on the time differences in the Florida procedure. Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001); Webster v. Moore, 199 F.3d at 1259; Rich v. Dep't of Corr. Fla., No. 07-15519, 2008 WL 4183930 (11th Cir. Sept. 12, 2008).

Petitioner also argues that the Petition "should be considered in its entirety because portions of the petition are based on facts that could not have been discovered earlier through the exercise of due diligence" or, alternatively were not disclosed in violation of law. Id. at ¶4. Petitioner submits that "many of the claims" raised in the Petition were "uncovered only after investigation by post-conviction counsel." Reply at 5, ¶12. The federal limitations period applies to the petition as a whole, and "individual claims within an application cannot be reviewed separately for timeliness." Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003). Moreover, Petitioner does not provide any factual specificity as to why he was unable to "uncover" these claims earlier with the exercise of due diligence or for his claimed non-disclosure in violation of law.

Finally, Petitioner contends that various other factors, such as the fact that he was sentenced to life in prison and was not represented by local counsel after conviction, weigh in the favor of equitable tolling. Id. at 4-5, ¶9-11. In order to be eligible for equitable tolling, Petitioner must establish two elements: (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Eleventh Circuit has emphasized that equitable tolling is used "is an extraordinary remedy that must be applied sparingly." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008)(citations omitted).  This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006).

None of the arguments, either alone or in combination, satisfy petitioner's burden of establishing equitable tolling. Additionally, neither the fact that Petitioner was represented by out of state counsel nor that he was sentenced to life imprisonment are the type of extraordinary circumstances that could have prevented Petitioner from filing a timely petition.

Alternatively, Petitioner argues that the Court should consider the Petition despite its untimeliness because Petitioner is actually innocent of the first degree murder. Reply at 3, ¶5. In particular, Petitioner points to evidence adduced at trial that lends credence to Petitioner's self-defense claim, and the fact that a weapon was not found on the Defendant shortly before the murder. Reply at 3, ¶5. As further support, Petitioner references evidence introduced at the post conviction evidentiary hearing that Petitioner could have purchased ammunition for an antique gun

he possessed or "pilfered a steak knife" from the restaurant before he approached the victim. Id. at ¶6.

Petitioner misconstrues the purpose of a federal writ of habeas corpus. "The function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases." Mize v. Hall, 532 F.3d 1184, 1195 (11th Cir. 2008). Absent a constitutional violation in the underlying criminal case, a claim of actual innocence is not a free standing claim. Id. Instead it is used only as avenue to "excuse the procedural default of an independent constitutional claim." Id. The Eleventh Circuit has never held that there is an actual innocence exception to the AEDPA's one-year statute of limitations. Taylor v. Sec'y, Dep't of Corr., 230 Fed. Appx. 944, 945 (11th Cir. 2007).

Nonetheless, even if the Court were to consider Petitioner's actual innocence claim, he falls far short of demonstrating a colorable actual innocence claim. The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998)(citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citation omitted). Actual innocence claims must also be supported "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Petitioner's claim of actual innocence is merely a challenge to the sufficiency of the evidence. Petitioner does present new reliable evidence that shows "it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-328.

The Court finds that Petitioner has not shown any reason why the dictates of the one-year limitations period should not enforced in his case. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED**:

1. The case is **DISMISSED** with prejudice.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of October, 2008.

```
                                    JOHN E. STEELE
                                    United States District Judge
```

SA: hmk
Copies: All Parties of Record