UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE LANGILL,

                Petitioner,

vs.                               Case No. 2:05-cv-509-FtM-29DNF

SECRETARY, DOC,

                Respondent.
_____

## **OPINION AND ORDER**

This cause is before the Court on Petitioner's Application for Certificate of Appealability (Doc. #35), filed November 15, 2008. Petitioner, who is represented by counsel, seeks to appeal this Court's October 16, 2008 Order (Doc. #32, October 16th Order) dismissing Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. #1-2) as untimely. Additionally, Petitioner seeks to appeal: 1) the Court's November 3, 2005 Order (Doc. #9) denying Petitioner's Motion for Disqualification of Magistrate and Reassignment of Case to Another Regional Division of the Court, 2) the Court's December 14, 2005 (Doc. #24) Order denying Reconsideration of the November 3, 2005 Order; and, 3) the Court's failure to order an evidentiary hearing regarding

Petitioner's newly discovered evidence claims.[1]  For the reasons set forth below, the Court will deny Petitioner's Application.

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q).  Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1341 (11th Cir. 2007).  This determination requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of

---

[1] Petitioner did not file a free standing motion requesting an evidentiary hearing. Instead, Petitioner, in his Petition requested, as relief, *inter alia* "reasonable discovery and an evidentiary hearing on the allegations in this petition." Petition (Doc. #2) at 199, ¶3. Additionally, in his Reply to the Response (Doc. #30), Petitioner asked the Court if "dismissal is being considered this Court should order an evidentiary hearing so that the petitioner may demonstrate that he proceeded with due diligence." Reply (Doc. #30) at 13. Petitioner bears the burden of demonstrating the circumstances necessary to warrant an evidentiary hearing. 28 U.S.C. § 2254(e)(2); Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006); Hall v. Head, 310 F.3d 683, 697-98 (11th Cir. 2002). The Court carefully reviewed the record and concluded no evidentiary proceedings were warranted in this matter. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).

the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000)(per curiam), cert. denied, 532 U.S. 1009 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

Here, the Court dismissed the Petition on procedural grounds, finding that the Petition was time barred and that Petitioner had failed to demonstrate any reasons why the dictates of the one-year limitations period should not be enforced. October 16th Order at 8. In particular, the Court noted that Petitioner did not file any post-conviction collateral motions until after the federal one-year limitations period had expired. Id. at 4. The Court expressly rejected Petitioner's arguments that the Court should exercise its discretion in this matter, despite the Petition's untimeliness, because the State has not claimed any prejudice and Florida's procedural rules afforded Petitioner two years within which to file a post-conviction Rule 3.850 motion. Id. at 4-5. Further, the Court found unpersuasive Petitioner's argument that individual

claims should be reviewed "separately for timeliness." Id. Additionally, the Court determined that none of the arguments advanced by Petitioner, either standing alone, nor in combination, satisfied Petitioner's burden of demonstrating equitable tolling. Id. Finally, the Court rejected Petitioner's argument that "may of the claims" could not have been discovered earlier, pointing out that Petitioner did "not provide any factual specificity as to why he was unable to 'uncover' these claims earlier." Id. at 5. Nor did the Court find that Petitioner presented a colorable claim of actual innocence. Id. at 7-8. Consequently, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Therefore, it is now

**ORDERED**:

Petitioner's Application for Certificate of Appealability (Doc. #35) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___30th___ day of December, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record
USCA